IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

vs.

**DORNE KIDD,**

**Defendant.**                                                            **No. 99-CR-30087-DRH**

<u>**MEMORANDUM and ORDER**</u>

**HERNDON, District Judge:**

Now before the Court is Kidd's October 26, 2005 18 U.S.C. 3572 motion (Doc. 33). Specifically, Kidd maintains that the Court's May 19, 2000 Judgment in which the Court ordered immediate payment of a fine "failed to establish a method of payment, in essence, effectuated an impermissible delegation of this Court's authority to the Bureau of Prison's counselor, case manager, legal advisor and the Warden." (Doc. 33, p. 3). On May 19, 2000, the undersigned district judge sentenced Kidd to 188 months imprisonment for distribution of cocaine base in violation of **21 U.S.C. 841(a)(1)**, 4 years supervised release, a fine of $1,500 and a special assessment of $300. Based on the following, the Court dismisses Kidd's motion for want of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*****, 517 U.S. 416 (1996)**. The following post-judgment

motions are allowed if timely filed.  Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands.  Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict.  Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, Kidd does not cite any case law or statute which allows the Court to consider his motion in the criminal context.  **Rule 35** is inapplicable because this motion is brought almost 5 ½ years *after* the sentencing and it does not appear to be brought to correct the sentence, arithmetical, technical or other clear error.  Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons.  Therefore, the only other possible procedural avenue that Kidd could bring this motion is a **§ 2255** collateral attack.  Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. ***See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000)**.  After reviewing the pleading, it is not clear to the Court that Kidd intends to purse a collateral attack.[1]

Kidd contends that the Court has subject matter jurisdiction under 18

---

[1] In the event that Kidd wishes to file a collateral attack, the Court advises Kidd to consult **28 U.S.C. § 2255**, the **Federal Rules of Criminal Procedure** and the Court's Local Rules on how to properly file such a petition.

U.S.C. § 3572(d)(3).  The Government counters that § 3572(d)(3) does not give the Court subject matter jurisdiction as the Judgment in this case provided that payment of the fine and assessment was due "in full immediately."  The Court agrees with the Government.  Section 3572(d)(3) states:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine.  Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Section 3572(d) applies only when the original judgment provided for installment payments.  The Judgment in this case called for immediate payment and not installment payments.[2]  Thus, § 3572(d) does not apply to the circumstances of this case.[3]  Because the Court finds that Kidd's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

However, the Court notes that Kidd may be attempting to commence a civil suit as his pleading not only names the Government in the caption as a "respondent" but several Bureau of Prisons employees as "respondents."  Further, Kidd's pleading makes reference to the Administrative Procedures Act which is clearly civil in nature.  If that is Kidd's intention, he should re-file this pleading as a

---

[2] As to the issue of the fine, the Judgment states "Payment of the total fine and other criminal monetary penalties shall be due as follows: in full immediately."  (Doc. 32, p. 6).

[3] The Judgment as to fines in the cases that Kidd cites in support of his position were installment payments and not immediate payment.

new civil case and proceed under the Prison Litigation Reform Act requirements.[4]

Accordingly, the Court dismisses for want of jurisdiction Kidd's October 26, 2005 18 U.S.C. § 3572 motion (Doc. 33).

**IT IS SO ORDERED.**

Signed this 21st day of November, 2005.

/s/          David RHerndon
United States District Judge

---

[4]The Court notes that in entering this Order it is not expressing any opinion as to the merits of Kidd's civil claims or whether the Court would have subject matter jurisdiction to entertain his civil claims.