**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**DORNE KIDD,**

**Defendant.**                                    **No. 99-CR-30087-DRH**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, Chief Judge:**

On November 22, 2011, Dorne Kidd, pro se, filed a motion under 18 U.S.C. § 3582(c)(2) for reduction of sentence based on retroactive guideline Amendment 750, effective November 1, 2011, concerning cocaine base ("Crack") (Doc. 40). The Court appointed counsel to represent Kidd on the issue of a sentencing reduction in light of the amendment to the United States Sentencing Guidelines, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 47). *See Anders v. California*, 386 U.S. 738, 744 (1967). Kidd did not respond to the motion to withdraw, even though he was given an opportunity to do so. *See* Doc. 48.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court

must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.   If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.   *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Kidd cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   The Sentencing Commission issued U.S.S.G. Amendment 750, effective November 1, 2011, intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.   Kidd, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 ("Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1.   Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.   *See United States v. Williams*, 694 F.3d 917, 918 (7th Cir. 2012)("Career offenders are not

eligible for "crack disparity reductions."). The Court lacks subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.

Accordingly, the Court therefore **GRANTS** counsel's motion to withdraw (Doc. 47) and **DISMISSES for lack of jurisdiction** the motion for sentence reduction (Doc. 40).

**IT IS SO ORDERED.**

Signed this 4th day of March, 2013.

Digitally signed by
David R. Herndon
Date: 2013.03.04
15:50:47 -06'00'

**Chief Judge**
**United States District Judge**